# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| STEPHAN MOORER,              )<br>                                             )<br>            Petitioner,        )<br>vs.                                       )           2:12-cv-0278-WTL-WGH<br>                                             )<br>WARDEN J. OLIVER,          )<br>                                             )<br>            Respondent.      ) | |

## Entry and Order Dismissing Action

### I.

#### A.

"Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott,* 512 U.S. 849, 856 (1994).

For the reasons explained in Part I.B. of this Entry, the summary dismissal of this action is appropriate.

#### B.

Stephan Moorer is in federal custody in this District and filed the present action seeking relief pursuant to 28 U.S.C. § 2241. He claims that a prison disciplinary proceeding identified as No. 2267819 is constitutionally infirm. Certain particulars of that proceeding are the following:

- a. The incident report was issued on February 14, 2012, charging Moorer with "extortion/threatening (attempted)."

- b. Moorer received a copy of the incident report on February 15, 2012.

- c. Moorer was supplied with notice of the incident report and with notice of his procedural rights in connection with the anticipated hearing.

- d. The hearing was conducted on March 1, 2012. Moorer was present and made a statement concerning the charge.

      f.      After considering that evidence, Moorer was found guilty of the charged offense.

A federal court may issue a writ of habeas corpus pursuant to 28 U.S.C. ' 2241(c)(3) only if it finds the applicant Ais in custody in violation of the Constitution or laws or treaties of the United States.@ In order to proceed, Moorer must meet the "in custody" requirement of § 2241(c)(3). Meeting this requirement is a matter of jurisdictional significance. *Maleng v. Cook,* 490 U.S. 488, 490 (1989) (per curiam). A[T]he inquiry into whether a petitioner has satisfied the jurisdictional prerequisites for habeas review requires a court to judge the >severity= of an actual or potential restraint on liberty.@ *Poodry v. Tonawanda Band of Seneca Indians,* 85 F.3d 874, 894 (2d Cir.), *cert. denied,* 519 U.S. 1041 (1996).

"A prisoner challenging the process he was afforded in a prison disciplinary proceeding must meet two requirements: (1) he has a liberty or property interest that the state has interfered with; and (2) the procedures he was afforded upon that deprivation were constitutionally deficient." *Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007). A sanction which does not constitute Acustody" cannot be challenged in an action for habeas corpus relief. *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004); *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001). If a habeas petitioner has suffered the deprivation of a protected liberty interest the procedural protections delineated in *Wolff v. McDonnell,* 418 U.S. 539, 557 (1974), are applicable and the decision must be supported by "some evidence." *Superintend., Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *see also Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000).

In No. 2267819, the hearing officer imposed the following sanctions: 1) 1 day of disciplinary segregation; 2) 15 days of disciplinary segregation/suspended 180 days; 3) 120 days of email restriction; and 4) 120 days of visiting restriction. These sanctions were non-custodial. *Mamone v. United States,* 559 F.3d 1209 (11th Cir. 2009); *Virsnieks v. Smith,* 521 F.3d 707, 713 (7th Cir. 2008); *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004). When no recognized liberty or property interest has been taken, which is the case here, the confining authority Ais free to use any procedures it choses, or no procedures at all.@ *Montgomery v. Anderson,* 262 F.3d 641, 644 (7th Cir. 2001).

Because Moorer's habeas petition shows on its face that he is not entitled to the relief he seeks, the action is **summarily dismissed**. Judgment consistent with this Entry shall now issue.

     **IT IS SO ORDERED.**

Date: 11/27/2012

                                                          _____
                                                          Hon. William T. Lawrence, Judge
                                                          United States District Court
                                                          Southern District of Indiana

**Distribution:**

**Stephan Moorer**
**03502-007**
**Terre Haute - USP**
**Inmate Mail/Parcels**
**P.O. Box 33**
**Terre Haute, IN 47808**